IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                              )<br>)<br>YUSUF ABDIRIZAK WEHELIE,     )<br>)<br>)<br>       Defendant.                    ) | No. 1:16-CR-162-GBL |

## STATEMENT OF FACTS

The United States and the defendant, YUSUF ABDIRIZAK WEHELIE ("WEHELIE"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about December 22, 2015, WEHELIE met with an FBI undercover employee (UCE #1) and engaged in a consensually recorded conversation. During the conversation, while discussing his background, WEHELIE told UCE #1 that he had been arrested and was a felon. WEHELIE's felony conviction was for felonious statutory burglary in the Circuit Court of Fairfax County, Virginia. WEHELIE was sentenced for this felony offense on February 2, 2011. As a convicted felon, WEHELIE was prohibited from owning, possessing or transporting firearms. Later in the conversation with UCE #1 on December 22, 2015, WEHELIE said that he would be willing to use "tools," a slang term for firearms, if he ever needed to help UCE #1 protect his money.

2. On or about January 21, 2016, UCE #1 asked WEHELIE if he would be willing to move "hammers" on behalf of UCE #1. "Hammers" is a slang term for firearms. WEHELIE

willingly agreed to transport the firearms, saying that he would be delivering the weapons and his car "don't stink."

3. On or about February 18, 2016, during a consensually recorded meeting, WEHELIE met with an FBI undercover employee (UCE #2) in a hotel room located in Baltimore, Maryland. UCE #2 showed WEHELIE four Cobray M-11, 9mm automatic pistols with can-style suppressors and eight 20 round magazines. The four pistols had been rendered inoperable before they were provided to WEHELIE. UCE #2 provided WEHELIE with instructions on how to change the firearm selector from safe to semi-automatic and ultimately to fully automatic. UCE #2 informed WEHELIE that the firearms had the ability to fire up to 1,200 rounds per minute in fully automatic mode. WEHELIE told UCE #2 he had fired a weapon before but "needs more practice." After viewing, handling, and being fully advised of the firearms' capabilities, WEHELIE concealed all four firearms in towels, and then loaded the towel-covered firearms and accessories into a duffle bag which also contained purses. WEHELIE was paid $300 by UCE #1 for transporting these firearms.

4. FBI surveillance observed WEHELIE as he carried the duffle bag from the hotel alone and placed the duffle bag in the rear seat of his vehicle. FBI agents continued to watch WEHELIE as he transported the firearms in interstate commerce. Specifically, he drove by himself with the firearms from Maryland, through Washington, D.C., to a parking lot located in Springfield, Virginia. Once in the parking lot, WEHELIE removed the duffle bag that was placed in the rear seat of his vehicle and delivered the duffle bag to an FBI undercover employee (UCE #3). The firearms and accessories collected from UCE #3 were seized as evidence by the FBI.

5. The four Cobray M-11 firearms that WEHELIE possessed on February 18, 2016 had both automatic and semi-automatic settings and are capable of firing approximately 1200 –

9mm rounds per minute. Those weapons constitute firearms pursuant to Title 18, United States Code, Section 921(a)(3), and they constitute machineguns pursuant to Title 18, United States Code, Sections 921(a)(23) and Title 26, United States Code Section 5845(b).

6. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

7. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
John T. Gibbs
Assistant United States Attorney

Brandon Van Grack
Special Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, YUSUF ABDIRIZAK WEHELIE, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
YUSUF ABDIRIZAK WEHELIE

I am Nina Ginsberg, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

                                                                                                            _____
                                                                                                             Nina J. Ginsberg, Esq.
                                                                                                             Attorney for Yusuf Abdirizak Wehelie