IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,           )
                                    )
            Plaintiff,              )     1:16-cr-162
                                    )
      vs.                           )
                                    )
YUSUF ABDIRIZAK WEHELIE,            )
                                    )
            Defendant.              )
_____)


PLEA HEARING

November 15, 2016


---


BEFORE:        THE HONORABLE GERALD BRUCE LEE
               UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT: OFFICE OF THE UNITED STATES ATTORNEY
                    BY: JOHN T. GIBBS, ESQ.
                        BRANDON L. VAN GRACK, ESQ.


FOR MR. WEHELIE:    DIMURO GINSBERG PC
                    NINA J. GINSBERG, ESQ.


---


OFFICIAL COURT REPORTER: RENECIA A. WILSON, RMR,CRR
                         U.S. District Court
                         401 Courthouse Square
                         Alexandria, VA  22314
                         (703)501-1580

1            (Thereupon, the following was heard in open
2    court at 2:00 p.m.)
3            THE CLERK:  1:16 criminal 162, United States
4    versus Yusuf Abdirizak Wehelie.
5            Would counsel please note your appearances.
6            MR. GIBBS:  Good afternoon, Your Honor.
7    John Gibbs and Brian Van Grack on behalf of the United
8    States.  We also have Rick Gaylord from the FBI with us.
9            THE COURT:  Good afternoon.
10           MR. GIBBS:  Good afternoon.
11           MS. GINSBERG:  Good afternoon, Your Honor.
12   Nina Ginsberg for Mr. Wehelie who is he present in the
13   courtroom.
14           THE COURT:  Good afternoon, Ms. Ginsberg.
15           Mr. Wehelie, if you would come to the podium
16   with your lawyer, please.
17           Good afternoon.
18           MR. WEHELIE:  Good afternoon, Your Honor.
19           THE COURT:  Mr. Wehelie, I understand you
20   want to plead guilty today; is that right?
21           MR. WEHELIE:  Yes, Your Honor.
22           THE COURT:  What I'd like to do is review
23   with you the documents you signed to make sure you
24   understand the documents and to make sure you understand
25   your rights.

1           The first thing I'll need you to do is to

2   take the oath from the clerk and promise to tell the

3   truth under the penalty of law when I ask you questions.

4           THE CLERK:  Please raise your right hand,

5   sir.

6           THEREUPON, YUSUF WEHELIE, having been duly

7   sworn, testified as follows:

8           MR. WEHELIE:  Yes, ma'am.

9           THE COURT:  You can put your hand down now.

10           May I have the original documents, please?

11           MR. GIBBS:  Yes, Your Honor, if I could hand

12   those up.

13           THE COURT:  Thank you.

14           Mr. Wehelie, I intend to ask you questions.

15   If at any time you have any difficulty understanding me,

16   please tell me.  And if at any time you want to speak to

17   Ms. Ginsberg about my questions, please tell me.  Okay?

18           MR. WEHELIE:  Yes, Your Honor.

19           THE COURT:  What is your full name?

20           MR. WEHELIE:  Yusuf Abdirizak Wehelie.

21           THE COURT:  Mr. Wehelie, how old are you?

22           MR. WEHELIE:  I'm 25.

23           THE COURT:  How far did you go in school?

24           MR. WEHELIE:  I did one year and a half in

25   college.

1            THE COURT:  Have you had any drugs or

2 alcohol before coming to court today?

3            MR. WEHELIE:  No, no, Your Honor.

4            THE COURT:  Are you under the care of any

5 mental health professional for any mental health

6 problem?

7            MR. WEHELIE:  No, Your Honor.

8            THE COURT:  I see you're standing there with

9 Ms. Nina Ginsberg, an attorney.  Do you understand you

10 have the right to have an attorney defend you in your

11 case?

12            MR. WEHELIE:  Yes, ma'am -- yes, sir.

13            THE COURT:  Have you had sufficient time to

14 discuss the case with Ms. Ginsberg?

15            MR. WEHELIE:  Yes, sir.

16            THE COURT:  Have you told her everything you

17 know about the case?

18            MR. WEHELIE:  Yes, sir.

19            THE COURT:  After discussing the case with

20 Ms. Ginsberg, did you decide for yourself that you

21 wanted to plead guilty?

22            MR. WEHELIE:  Yes, Your Honor.

23            THE COURT:  Did anyone threaten you or force

24 you to plead guilty?

25            MR. WEHELIE:  No, Your Honor.

1          THE COURT:  Did anyone make any promise to

2     you that by pleading guilty you would get probation or

3     some other sentence?

4          MR. WEHELIE:  No, sir.

5          THE COURT:  And are you satisfied with the

6     work that Ms. Ginsberg has done for you as your lawyer?

7          MR. WEHELIE:  Yes, Your Honor.

8          THE COURT:  As I understand today, you're

9     agreeing to plead guilty to the indictment, Count I,

10    which charges that "on or about February 18, 2016, in

11    Fairfax County, in the Eastern District of Virginia and

12    elsewhere", that you, Mr. Wehelie, "having been

13    convicted of a crime punishable by imprisonment for a

14    term exceeding one year, to wit, felonious statutory

15    burglary in Circuit Court of Fairfax County, did

16    knowingly and unlawfully possess in and affecting

17    interstate commerce, firearms four Cobray M11 9

18    millimeter automatic pistols, such firearms have

19    previously shipped and transported in interstate and

20    foreign commerce".

21         So do you understand the charge against you?

22         MR. WEHELIE:  Yes, Your Honor.

23         THE COURT:  And do you understand if the

24    case were to go to trial, the United States Attorney

25    would have to bring witnesses to court, present those

1 witnesses here in court in your presence before a judge
2 or a jury and to prove you're guilty of the crime by
3 what's called proof beyond a reasonable doubt.
4                    Do you understand that?
5                    MR. WEHELIE:  Yes, Your Honor.
6                    THE COURT:  Now, I have a document here,
7 Mr. Wehelie, called plea agreement.  It appears to be
8 11 pages long.  I'm displaying it to you now.  And page
9 11 appears to be signed by you and Ms. Ginsberg.
10                    Is that your signature on this document I'm
11 showing you now?
12                    MR. WEHELIE:  Yes, Your Honor.
13                    THE COURT:  And have you had sufficient time
14 to read over the plea agreement with your lawyer?
15                    MR. WEHELIE:  Yes, Your Honor.
16                    THE COURT:  Do you have a copy in front of
17 you now?
18                    MR. WEHELIE:  Yes, sir.
19                    THE COURT:  Mr. Wehelie, the plea agreement
20 is your written contract with the United States Attorney
21 about how your case will be handled here in court.
22 Every word in the written plea agreement is important
23 because it affects your right.
24                    What I intend to do now is go over certain
25 parts of the agreement with you.  And there may be pages

1  or paragraphs I may not read to you.  And the fact I do
2  not read a particular page or paragraph does not mean
3  those items are not important.  The whole agreement is
4  important and the whole agreement is what you and the
5  government have agreed to do.  Do you understand that?
6              MR. WEHELIE:  Yes, sir.
7              THE COURT:  Let's start with page one
8  paragraph one because that tells me what you've agreed
9  to do.
10             Paragraph one says "the defendant" and
11 that's you, Mr. Wehelie, "agrees to plead guilty to
12 Count I of the indictment charging the defendant with
13 possession of firearms by a convicted felon".
14             The maximum penalties for this offense are a
15 maximum term of 10 years imprisonment, a fine of no more
16 than $250,000, a special assessment of $100, and 3 years
17 of supervised release.
18             So, do you understand this is the charge
19 you've agreed to plead guilty to?
20             MR. WEHELIE:  Yes, Your Honor.
21             THE COURT:  And do you understand the
22 maximum punishment is 10 years in prison?
23             MR. WEHELIE:  Yes, Your Honor.
24             THE COURT:  And where it says 3 years of
25 supervised release, that refers to what happens if

1 you're sent to jail or prison and then later released.

2 You'd be allowed to live in the community under the

3 supervision of a probation officer.  And the main

4 condition of supervised release is you're not to be

5 convicted of any new crime while on supervised release.

6 Do you understand that?

7            MR. WEHELIE:  Yes, Your Honor.

8            THE COURT:  If you were to be convicted of a

9 new crime while on supervised release, then you could be

10 sent back to jail or prison for up to 3 years.

11            Do you understand that?

12            MR. WEHELIE:  Yes, Your Honor.

13            THE COURT:  Now I want to go over to page

14 two and it's really paragraph five, role of the Court

15 and the probation officer, the probation officer which

16 starts at the top of page three.  This paragraph talks

17 about the judge's responsibility to consider the United

18 States Sentencing Guidelines.

19            And the Sentencing Guidelines are advisory,

20 as I'm sure Ms. Ginsberg has explained to you.  And, in

21 a case involving guns, the Court's going to look at the

22 offense itself, look at your prior record, if any, and

23 information about your background, any information

24 provided by your lawyer and the government attorney

25 before I decide what the applicable guideline range is.

1           And then I have to make a judgment about
2  what sentence I think is appropriate.  I'm not required
3  to follow the guidelines, but I'm required to consider
4  them.
5           Do you understand that?
6           MR. WEHELIE:  Yes, Your Honor.
7           THE COURT:  Now, Ms. Ginsberg, have you
8  given Mr. Wehelie a worst-case scenario estimate of what
9  the guidelines are in this case?
10           MS. GINSBERG:  Yes, I have, Your Honor.
11           THE COURT:  What's the worst case?
12           MS. GINSBERG:  Your Honor, I think that the
13  guideline level is a level 19, and his criminal history
14  category is criminal history category 3.
15           I have told him that I believe that criminal
16  history category 3 overrepresents the seriousness of his
17  record and that we would make that argument at
18  sentencing.  But I think he understands that those are
19  the guidelines he's facing.
20           I believe it's -- if he were criminal
21  history category 3, the guideline range would be 37 to
22  46 months.  If he's sentenced as a criminal history
23  category 2, it would be 33 to 41 months.
24           THE COURT:  33 to 41 months?
25           MS. GINSBERG:  That's correct.  And I've

1  told him that I personally think that that would be the
2  appropriate guideline but that Your Honor will be the
3  person that determines that.
4          THE COURT:  Right.  I want to make a record
5  of what the worst-case scenario is.  And so the
6  worst-case scenario, Mr. Wehelie, is 37 to 46 months.
7          Do you understand that?
8          MR. WEHELIE:  Yes, Your Honor.
9          THE COURT:  Now, Ms. Ginsberg is a very
10  experienced criminal defense attorney.  She's handled
11  many, many cases in this court.  And what she has done
12  is tell you, tell the United States Attorney and tell me
13  what she thinks is the worst-case scenario for you under
14  the guidelines.  And that is based upon her study of the
15  law and her review of the facts of your case.
16          Do you understand that?
17          MR. WEHELIE:  Yes, Your Honor.
18          THE COURT:  However, we do not know today
19  what the actual guideline range of punishment may be,
20  because the United States probation officer who works
21  for the judge will have to gather information from you,
22  the police, the prosecutor and prepare for us a written
23  presentence report.  That written presentence report
24  will be provided to you and your lawyer and the
25  government attorney for review and comment.

1    We will all come back to court probably

2    about 2, 2 and a half months from now.  And after I've

3    heard from the government and heard from you and your

4    lawyer, I'll announce the guideline range and I'll

5    announce your sentence.

6    Do you understand that?

7    MR. WEHELIE:  Yes, Your Honor.

8    THE COURT:  So if it turns out the guideline

9    range is higher than the 37 to 46 months Ms. Ginsberg

10   just told us about a moment ago, that would not be a

11   basis to come back to court later and say I want to

12   change my mind and withdraw my guilty plea.

13   Do you understand that?

14   MR. WEHELIE:  Yes, Your Honor.

15   THE COURT:  Now, I want to go to page four,

16   paragraph six.  Page four, paragraph six.

17   I just want to focus on the issue of waiver

18   of indictment and explain to you what appeal means.

19   Ordinarily, you'd have the right to have

20   three judges of the Court of Appeals review the sentence

21   that I give you and have those three judges decide if I

22   made some mistake in applying the Sentencing Guidelines

23   law or the law to your case.

24   However, by signing this written plea

25   agreement, you're giving away your right to have three

judges of the Court of Appeals review the sentence I

give you as long as I don't exceed the maximum

punishment of 10 years.

Do you understand that?

MR. WEHELIE:  Yes, Your Honor.

THE COURT:  Let's go to page five, paragraph

nine.  Page five, paragraph nine.

Paragraph nine talks about what you've

agreed to do for the government.  It says here you've

agreed to cooperate fully and truthfully with the United

States and provide all information known to you as

requested by the government.

That means you've agreed to be interviewed

by the government attorneys and investigators and to

tell the truth about your involvement in guns or other

crimes.  And if there's information you have about

others, you're required to disclose it.

Do you understand that?

MR. WEHELIE:  Yes, Your Honor.

THE COURT:  It may be necessary for you to

come back to court to testify at a trial or grand jury

proceeding.  As long as you tell the truth, you'll be

meeting your obligation under this agreement.

Do you understand that?

MR. WEHELIE:  Yes, Your Honor.

1       THE COURT:  Now, I want to go to the bottom
2  of page seven, that's paragraph 12 which carries over to
3  page eight.  And it refers to a motion for downward
4  departure.
5       And over on page eight it talks about United
6  States Attorney reserving his right to file one.
7       If the truthful information you provide to
8  the United States Attorney amounts to what the United
9  States Attorney thinks is substantial help to the
10  government, then the United States Attorney is reserving
11  his right to file a written motion telling the judge the
12  information you've given the government has amounted to
13  substantial help.
14       If such a motion is filed, then as I go
15  about the process of deciding on the guideline range and
16  your punishment, I'll be able to consider a range that's
17  less than 37 to 46 months under the guidelines.
18  Ms. Ginsberg has told us about a moment ago.
19       Do you understand that?
20       MR. WEHELIE:  Yes, Your Honor.
21       THE COURT:  If no motion is filed, I can't
22  consider it.
23       Do you understand that?
24       MR. WEHELIE:  Yes, Your Honor.
25       THE COURT:  What I'd like to do now,

1  Mr. Wehelie, is discuss with you the rights you would

2  have had you decided to go to trial on a plea of not

3  guilty.  These rights are in the plea agreement as well

4  and they're on page two, paragraph four.

5           And I'm not going to go over them exactly as

6  set forth in page two, paragraph four.  And I don't want

7  you to think I'm trying to talk you out of pleading

8  guilty by telling you you have a right to go to trial.

9           The law requires the judge to explain to you

10  here in open court with your lawyer and the government

11  attorney and the court reporter present that there are

12  certain constitutional rights you'll be giving away by

13  pleading guilty.

14           I'm sure Ms. Ginsberg has gone over these

15  with you.  And what I'm going to do now is go over these

16  rights and invite Mr. Gibbs and Ms. Ginsberg to listen

17  as I go over them and let me know at the end if I leave

18  any of them out.

19           And again, if you have any questions,

20  Mr. Wehelie, please ask me and don't be afraid to ask me

21  any question you might have.  Okay?

22           MR. WEHELIE:  Yes, Your Honor.

23           THE COURT:  Mr. Wehelie, on a plea of not

24  guilty, you are presumed to be innocent.  That means we

25  start out with you've done nothing wrong.  You're not

1  required to prove your innocence.  You're not required
2  to testify.
3            Do you understand that?
4            MR. WEHELIE:  Yes, Your Honor.
5            THE COURT:  You have the absolute right to
6  remain silent and require the government attorney to
7  bring witnesses to court, to present those witnesses in
8  your presence before a judge or a jury and to prove
9  you're guilty of the crime by what's called proof beyond
10 a reasonable doubt.
11           Do you understand that?
12           MR. WEHELIE:  Yes, Your Honor.
13           THE COURT:  You have the right to speedy
14 trial by jury and the right to have a lawyer defend you.
15 The right to have a lawyer defend you applies whether
16 you plead guilty or go to trial.
17           And even if you cannot afford to pay and
18 hire a lawyer, the Court will pay and hire a lawyer to
19 defend you.
20           Do you understand that?
21           MR. WEHELIE:  Yes, Your Honor.
22           THE COURT:  The right to speedy trial by
23 jury means you have the right to have the Court bring 50
24 or 60, United States citizens here to the courthouse,
25 who are not connected with you or me, or you and your

1  lawyer, and to have you and your lawyer and the

2  government attorney select from that 50 or 60, 12 who

3  would act as jurors in your case.

4          The 12 jurors would sit to your left in

5  those chairs I'm pointing to.  It would be their job to

6  observe the witness as the witness testifies from the

7  witness stand where the court security officer is

8  standing now to your right.  You and your lawyer would

9  be seated at the table to the right closest to the

10 witness stand and the government attorney at the table

11 to the left.

12         At a trial, the jury's job is to observe all

13 the witnesses, review all the documents and consider all

14 the testimony presented.  At the end of the case, the

15 jury's job is to judge, decide whether you're guilty or

16 not guilty.

17         Do you understand that?

18         MR. WEHELIE:  Yes, Your Honor.

19         THE COURT:  At a trial, the government

20 attorney, Mr. Gibbs, will call witnesses in the court.

21 The witnesses will come in, take the oath as you did a

22 moment ago and take the witness stand.  Of course, you

23 and Ms. Ginsberg will be seated at the table to the

24 right.

25         And Mr. Gibbs would ask the witness

1    questions about what he knows about what took place in

2    connection with these guns, your interaction with

3    undercover individuals and what took place.

4             Following that testimony, then Ms. Ginsberg

5    will have the right to question each government witness,

6    to challenge their truthfulness, to point out any

7    inconsistency in the witness's testimony, to point out

8    any reason the witness might have to lie to seek to

9    cause your conviction.

10            Following that, Mr. Gibbs will have the

11   right to ask follow-up questions.

12            Do you understand that?

13            MR. WEHELIE:  Yes, Your Honor.

14            THE COURT:  After the government's presented

15   all its witnesses, then if you have witness, then you're

16   entitled to call them.  And if you have individuals in

17   the community who know something about the facts of your

18   case that might help your case, you're entitled to have

19   Ms. Ginsberg issue a court order to require those

20   witnesses to come to court to testify for you.

21            And again you're not required to call

22   witnesses.  If you have a witness, then Ms. Ginsberg

23   will call your witness in the court.  The witness will

24   take the oath and take the stand and Ms. Ginsberg will

25   come to the podium first, ask the witness questions

1   about facts concerning your case that support your

2   defense and are inconsistent with the government's

3   evidence.

4            Following, that Mr. Gibbs will have the

5   right to come to the podium and question your witness,

6   challenge the witness's truthfulness, to point out any

7   difference between what your witness says occurred and

8   what the government witness say occurred and point out

9   any reason your witness might have to seek to avoid your

10  conviction.

11           Following that, Ms. Ginsberg will have the

12  right to ask follow-up questions.

13           Do you understand that?

14           MR. WEHELIE:  Yes, Your Honor.

15           THE COURT:  At a trial, Mr. Wehelie, you're

16  not required to speak.  And the judge and the jury

17  cannot consider if you decide not to speak.

18           Do you understand that?

19           MR. WEHELIE:  Yes, Your Honor.

20           THE COURT:  If you decide you want to take

21  the oath and take the stand, you have the right to do

22  that.  And after taking the oath and taking the stand,

23  then Ms. Ginsberg will ask you questions, allowing you

24  to describe in your own words what you did or did not

25  do, what you said or did not say, and what occurred from

1    your point of view.

2              Following that, Mr. Gibbs will have the

3    right to question you, to challenge your truthfulness,

4    to point out any difference between what you say

5    occurred and what the government witness say occurred

6    and point out any reason you might have to seek to avoid

7    conviction.

8              Following that, Ms. Ginsberg will have the

9    right to ask follow-up questions.

10             Do you understand that?

11             MR. WEHELIE:  Yes, Your Honor.

12             THE COURT:  So at the end of the case, the

13   jury, those 12 people sitting there observing all the

14   witnesses would have to consider everything presented.

15   And if, and only if, all 12 jurors agreed the evidence

16   was sufficient by what's called proof beyond a

17   reasonable doubt could the jury return a verdict of

18   guilty.

19             Do you understand that?

20             MR. WEHELIE:  Yes, Your Honor.

21             THE COURT:  If the jury thought the

22   government evidence was insufficient or that the witness

23   testimony was unreliable, or if the jury had what's

24   called a reasonable doubt, then the jury would be

25   required to find you not guilty, and that would be the

1  end of the case.

2              Do you understand that?

3              MR. WEHELIE:  Yes, Your Honor.

4              THE COURT:  And do you understand,

5  Mr. Wehelie, that by pleading guilty today, you will not

6  have a jury trial.

7              Do you understand that?

8              MR. WEHELIE:  Yes, Your Honor.

9              THE COURT:  You also have the right to have

10  me hear the case without a jury if you agree to it, the

11  government attorney agrees to it and I agree to it, in

12  which event then all the witnesses will testify in front

13  of me.  And at the end of the case, I will decide

14  whether you're guilty or not guilty.

15              Do you understand that?

16              MR. WEHELIE:  Yes, Your Honor.

17              THE COURT:  Now, I have another document

18  here, Mr. Wehelie.  It's called statement of facts.  And

19  I'm displaying it to you now.  It appears to be four

20  pages long.  And Ms. Ginsberg's signature is on page

21  four, and your signature is on page three, along with

22  that of Mr. Gibbs.  I'm showing it to you now.

23              Is that your signature on this document I'm

24  showing to you now?

25              MR. WEHELIE:  Yes, Your Honor.

1          THE COURT:  And have you had sufficient time
2    to review this statement of facts with your lawyer?
3          MR. WEHELIE:  Yes, Your Honor.
4          THE COURT:  You admit this is what you did?
5          MR. WEHELIE:  Yes, Your Honor.
6          THE COURT:  Do you want to add anything else
7    to it?
8          MR. WEHELIE:  No, Your Honor.
9          THE COURT:  Ms. Ginsberg, you've reviewed
10   the statement of facts with Mr. Wehelie?
11         MS. GINSBERG:  I have, Your Honor.
12         THE COURT:  Do you want to add anything else
13   to it?
14         MS. GINSBERG:  No, sir.
15         THE COURT:  Mr. Wehelie, when you plead
16   guilty, you'll not be able to challenge any illegal
17   search.  So if the police illegally searched your home,
18   your car or papers, or if you gave any statement to the
19   police, you'll not be able to challenge it as illegal
20   when you plead guilty.
21         Do you understand that?
22         MR. WEHELIE:  Yes, Your Honor.
23         THE COURT:  Ms. Ginsberg, is this the
24   complete agreement you've entered into with the
25   government on behalf of Mr. Wehelie?

1    MS. GINSBERG:  It is, Your Honor.

2    THE COURT:  Are there any agreements that

3 are not in writing?

4    MS. GINSBERG:  No, there aren't.

5    THE COURT:  Mr. Wehelie, are you a United

6 States citizen?

7    MR. WEHELIE:  Yes, Your Honor.

8    THE COURT:  All right.  I'm required to ask

9 everyone that question, because if you're not a citizen

10 or if you just have status, then your guilty plea could

11 affect your status in the United States.

12    Mr. Gibbs, you can do it from right back

13 there.

14    MR. GIBBS:  Yes, Your Honor.

15    THE COURT:  Is this the complete agreement

16 you've entered into with Mr. Wehelie and his counsel?

17    MR. GIBBS:  It is, Your Honor.

18    THE COURT:  Are there any agreements that

19 are not in writing?

20    MR. GIBBS:  No, Your Honor.

21    THE COURT:  Is the statement of facts

22 accurate based upon the government's investigation of

23 the case?

24    MR. GIBBS:  It is accurate, Judge.

25    THE COURT:  Thank you.

1     MR. GIBBS:  Thank you.

2     THE COURT:  Mr. Wehelie, I've asked you a

3 lot of questions.  Have you understood my questions?

4     MR. WEHELIE:  Yes, Your Honor.

5     THE COURT:  Do you have any questions for

6 me?

7     MR. WEHELIE:  No, Your Honor.

8     THE COURT:  All right.  Well, then to the

9 charge of felon in possession -- possession of firearms

10 by a convicted felon as set forth in Count 1 of the

11 indictment, how do you plead, guilty or not guilty?

12     MR. WEHELIE:  Guilty, Your Honor.

13     THE COURT:  Let the record reflect that the

14 Court has questioned Mr. Yusuf Wehelie and reviewed with

15 him the indictment, the plea agreement and the statement

16 of facts.

17     The Court finds Mr. Wehelie is competent to

18 plead.  He's informed of his rights, and he understands

19 his rights.  He's been informed of the nature of the

20 charges against him and the consequences of his plea,

21 and the maximum punishment provided for by statute.

22     The Court finds the plea of guilty is freely

23 and voluntarily made without any threats or coercion of

24 any kind and with the effective assistance of counsel.

25     The Court finds Mr. Wehelie's admission to

1  the statement of facts is more than sufficient factual

2  basis, and the Court will find the defendant guilty of

3  the offense as charged.

4          Let's select a date for sentencing.  What

5  about Friday, February 3rd?

6          MR. GIBBS:  That's fine with the government,

7  Judge.

8          MS. GINSBERG:  That's okay, Your Honor.

9          THE COURT:  All right.  Mr. Wehelie, we're

10 going to set sentencing for Friday, February 3 and that

11 will be at 9 o'clock.  Friday, February 3 at 9 o'clock.

12         Between now and then, the United States

13 probation officer who works for the judge will come meet

14 with you and gather information from you, the police and

15 the prosecutor and prepared a written presentence

16 report.  That written presentence report will be

17 provided to you and to your lawyer and the government

18 attorney for review and commend.

19         We will all come back to court on

20 February 3rd at 9 o'clock for sentence.

21         We're in recess.  Thank you.

22         MS. GINSBERG:  Thank you, Your Honor.

23         (Proceedings concluded at 2:20 p.m.)

24

25

1
2
3                       CERTIFICATE OF REPORTER
4
5              I, Renecia Wilson, an official court
6    reporter for the United State District Court of
7    Virginia, Alexandria Division, do hereby certify that I
8    reported by machine shorthand, in my official capacity,
9    the proceedings had upon the plea hearing in the case of
10   United States of America vs. Yusuf Wehelie.
11             I further certify that I was authorized and
12   did report by stenotype the proceedings and evidence in
13   said plea hearing, and that the foregoing pages,
14   numbered 1 to 24, inclusive, constitute the official
15   transcript of said proceedings as taken from my
16   shorthand notes.
17             IN WITNESS WHEREOF, I have hereto
18   subscribed my name this 2nd day of  August, 2017.
19
20                         _____/s/_____
                           Renecia Wilson, RMR, CRR
21                         Official Court Reporter
22
23
24
25